UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER A. COSTIGAN, | |
|         Plaintiff, | CASE NO. C06-5425RJB |
|    v. | |
| UNITED STATES OF AMERICA, | ORDER |
|         Defendant. | |

This matter comes before the Court on the United States' Motion for Reconsideration. Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motion, and the file herein.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action against the United States, asserting two claims under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2674 *et seq.,* arising from injuries she alleges she sustained during gate guard training at Fort Lewis Army Base, Washington. Dkt. 1. Plaintiff's first claim is that the United States, through the Department of the Army ("Army") and its agent, John Gouveia, was negligent in causing physical, mental, and emotional injuries to Plaintiff. *Id.* at 3. Plaintiff's second claim is that the United States negligently trained, supervised, and/or retained Gouveia in providing security training services at Ft. Lewis. *Id.*

On June 7, 2007, the United States Motion for Summary Judgment was granted, in part, and denied, in part. Dkt. 18. Plaintiff's second claim for negligent training, supervision and/or

supervision was dismissed. *Id.* On June 19, 2007, the United States filed a Motion for Reconsideration, urging the Court to revisit its June 7, 2007 decision on whether the law enforcement proviso to the intentional tort exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(h), barred Plaintiff's remaining claim. Dkt. 19. The United States requests reconsideration in light of the Ninth Circuit's decision in *Orsay v. U.S. Dept. of Justice,* 289 F.3d 1125 (9th Cir. 2002).

## II. DISCUSSION

### A. MOTION FOR RECONSIDERATION STANDARD

Local Fed. R. Civ. P. 7(h)(1) provides, that "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

### B. APPLICATION OF THE LAW ENFORCEMENT PROVISO

The United States, as sovereign, is immune from suit except where it consents to be sued. *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA provides consent for suit against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The purpose of the [FTCA] is to provide a remedy to citizens injured by governmental negligence in circumstances in which the same act of negligence would impose liability under state law, but for governmental immunity." *Kearney v. United States,* 815 F.2d 535, 536 (9th Cir. 1986).

The FTCA contains some exceptions to the waiver of sovereign immunity. 28 U.S.C. § 2680. Section 2680(h), generally excludes claims arising out of assault and battery from the waiver of immunity. This "intentional tort exception" to the FTCA contains a proviso, however, which provides: "[t]hat, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, . . ., out of assault, [or] battery. . . ." § 2680(h).

Investigative or law enforcement officers are defined in the proviso as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

The Ninth Circuit has held in *Orsay v. U.S. Dept. of Justice,* 289 F.3d 1125 (9th Cir. 2002), that the proviso's waiver of sovereign immunity reaches "only those claims asserting that the tort occurred in the course of investigative or law enforcement activities," and does not apply to "torts committed by investigative or law enforcement officers when they are not engaged in investigative or law enforcement activities." *Id.*, at 1135 n. 4, and 1136. In *Orsay,* plaintiffs alleged that their supervisor, a Deputy United States Marshal, pointed a loaded gun at them several times and made statements like "your dead." *Id*. The court noted that the plaintiffs failed to allege that their supervisor was engaged in "investigative" or "law enforcement activities" when he pointed the loaded gun at them. *Id*. As a result, the court held that the plaintiffs' FTCA claims of assault and intentional infliction of emotional distress did not come within the waiver of immunity provided in the law enforcement proviso, even though Defendants acknowledged that the acts were taken within the scope of employment. *Id*. Accordingly, the *Orsay* court affirmed the district court's determination that it lacked subject matter jurisdiction over the claims. *Id.*

The issue for reconsideration here is a limited one. That is: whether Army Staff Sergeant Gouveia was engaged in "law enforcement activity" while teaching a class in defensive tactics to gate guards at Ft. Lewis Army Base, such that the law enforcement proviso to the intentional tort exception of the FTCA applies. Parties do not dispute that Gouveia, as a military policeman, is a law enforcement officer. The United States argues that he was not engaged in "law enforcement activity" when he performed the "take down moves" on Plaintiff. Dkt. 19.

In light of the Ninth Circuit's reasoning in *Orsay*, the Motion for Reconsideration should be granted, in part, and to the extent Plaintiff makes a claim for assault, it should be dismissed. The court in *Orsay* repeatedly stated that "when confronted with a purported waiver of the federal government's sovereign immunity, courts must construe ambiguities in favor of

ORDER
Page 3

immunity." *Id.* at 1135 n. 4, 1136 (*internal citations omitted*).  The law enforcement proviso's definition of law enforcement officer does provide some guidance as to what constitutes "law enforcement activities:" searches, seizures of evidence, and arrests in violation of Federal law.  28 U.S.C. § 2680(h).  Gouveia was not engaged in any of the listed activities.  Construing the statute narrowly, he was not engaged in "law enforcement activity."  Accordingly, even though the conduct in question here is a much closer to "law enforcement activity" (teaching a class on defensive tactics to other gate guards) than the conduct in *Orsay* (pointing a loaded gun at other Marshals and making statements like "Your dead"), in light of the Ninth Circuit's repeated admonishment that "courts must construe ambiguities in favor of immunity," *Id.* at 1135 n. 4, 1136, the motion should be granted, in part.

To the extent that Plaintiff intends to make a claim for negligence, and she assures the Court that this is her intention, the Motion for Reconsideration should be denied.  This matter should be permitted to proceed on her remaining claim.

### III.  ORDER

Therefore, it is hereby **ORDERED**:

- The United States' Motion for Reconsideration (Dkt. 19) shall be **GRANTED, IN PART, AND DENIED, IN PART**, to the extent Plaintiff makes a claim for assault, that claim is **DISMISSED**, the case shall proceed on Plaintiff's remaining negligence claim; and

- The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

- DATED this 16th day of July, 2007.

*Robert J Bryan*
Robert J Bryan
United States District Judge