UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER A. COSTIGAN, | |
| Plaintiff, | CASE NO. C06-5425RJB |
| v. | |
| UNITED STATES OF AMERICA, | ORDER |
| Defendant. | |

This matter comes before the Court on the United States' Motion In Limine on Expert Testimony. Dkt. 23. The Court has considered the pleadings filed in support of and in opposition to the motion, and the file herein.

Plaintiff filed this action against the United States, asserting two claims under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2674 *et seq.*, stemming from injuries she alleges she sustained during gate guard training at Fort Lewis Army Base, Washington. Dkt. 1. Plaintiff's first claim is that the United States, through the Department of the Army ("Army") and its agent, John Gouveia, was negligent in causing physical, mental, and emotional injuries to Plaintiff. *Id*. at 3. Plaintiff's second claim is that the United States negligently trained, supervised, and/or retained Gouveia in providing security training services at Ft. Lewis. *Id.*

On May 25, 2007, Plaintiff designated David Machado as her expert regarding John Gouveia's negligent acts. Dkt. 26-4. On June 7, 2007, the United States Motion for Summary Judgment was granted, in part, and denied, in part. Dkt. 18. Plaintiff's second claim for negligent

ORDER
Page 1

1  training, supervision and/or supervision was dismissed. *Id.* On July 16, 2007, the United States'
2  Motion for Reconsideration was granted, in part, and denied, in part. Dkt. 22. This Court held
3  that to the extent Plaintiff made a claim for assault, the claim was dismissed. *Id.* The case was
4  allowed to proceed on Plaintiff's remaining negligence claim. *Id.*

5  Defendant now asserts that proposed testimony of Plaintiff's expert, Sergeant Machado
6  should be barred. Dkt. 23. Defendant's motion should be denied. At this point in the litigation,
7  there appears to be a basis for Sergeant Machado's expert testimony. Plaintiff designated him as
8  her expert to testify "about the negligent acts of Defendant John Gouveia that were inappropriate
9  and caused physical, mental, and emotional injuries to the Plaintiff." Dkt. 26-4. Moreover,
10 although Plaintiff disclosed her expert six weeks late, Defendant has failed show that prejudice
11 would result from permitting Sergeant Machado to testify. Defendant has been aware of who
12 Plaintiff intended to use as an expert for almost three months. However, in the interests of
13 fairness, should the Defendant wish to depose Sergeant Machado, Plaintiff should make him
14 available before trial.

15  Therefore, it is hereby **ORDERED**:

16  • The United States' Motion In Limine on Expert Testimony (Dkt. 23) is **DENIED**;

17  • Plaintiff shall make David Machado available to the Defendant, if it wishes to
18    depose him; and

19  • The Clerk of the Court is instructed to send uncertified copies of this Order to all
20    counsel of record and to any party appearing *pro se* at said party's last known
21    address.

22  DATED this 24th day of September, 2007.

                                        ROBERT J. BRYAN
                                        United States District Judge

ORDER
Page 2